UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                :

HARLEYSVILLE INSURANCE COMPANY OF :
NEW YORK et al.,                            :
                         Plaintiffs,  :        26 Civ. 5456 (LGS)
                                    :

          -against-             :
                                    :         **ORDER**

MT. HAWLEY INSURANCE COMPANY et al., :
                         Defendants.  :
                                    :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on June 26, 2026, Defendant Mt. Hawley Insurance Company ("Mt. Hawley") removed this action, pursuant to 28 U.S.C. § 1441, from the Supreme Court of the State of New York, New York County, to this court on the basis of diversity jurisdiction. (Dkt. No. 1 ("Notice of Removal")). As explained below, the case is remanded back to state court because the Notice of Removal is procedurally defective.

**Legal Standard**

WHEREAS, "statutory procedures for removal are to be strictly construed," and a court must "resolve any doubts against removability." *Link Motion Inc. v. DLA Piper LLP*, 103 F.4th 905, 911 (2d Cir. 2024).[1] "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). "A civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *Id.* § 1441(b)(2).

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

For purposes of diversity jurisdiction, a corporation is deemed to be a citizen of every state in which it is incorporated and the state in which the corporation has its principal place of business. 28 U.S.C. § 1332(c)(1).

WHEREAS, when removal is based on diversity jurisdiction, "courts must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 218 (2d Cir. 2013); *accord Kupferberg v. Baez*, No. 24 Civ. 8653, 2025 WL 2346060, at *4 (S.D.N.Y. Aug. 13, 2025). "Nominal parties are those that have no personal stake in the outcome of the litigation and who are not necessary to an ultimate resolution." *Keane v. Banks*, No. 25 Civ. 5104, 2026 WL 851342, at *2 (S.D.N.Y. Mar. 27, 2026).

**Discussion**

WHEREAS, the Notice of Removal is procedurally defective in at least two respects.[2] First, Defendant Tydown Contracting Corporation ("Tydown") has neither joined in, nor consented to, removal as required by 28 U.S.C. § 1446(b)(2)(A). Second, removal is improper under 28 U.S.C. § 1441(b)(2) because Tydown is a corporate citizen of the State of New York.

WHEREAS, the Complaint names as Defendants Mt. Hawley and Tydown. The Complaint asserts that Tydown is a New York corporation, and the Notice of Removal alleges on information and belief that Tydown is a New York corporation with its principal place of

---

[2] Removal also appears to be deficient as to Plaintiff Richter & Ratner LLC. For purposes of diversity jurisdiction, a limited liability company "takes the citizenship of all of its members." *Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 615 (2d Cir. 2019). The Notice of Removal does not include information regarding Richter & Ratner LLC's members. However, the Complaint alleges that Richter & Ratner LLC is a "domestic business corporation" incorporated in the State of New York -- not a limited liability company. It is unnecessary to address the citizenship of Richter & Ratner LLC in light of the disposition below.

business in New York.  The state court docket reflects that Plaintiffs filed a proof of service on Tydown on May 26, 2026.  Tydown thus has been "properly joined and served" and "is a citizen of the State in which [the] action is brought."  28 U.S.C. § 1441(b)(2).

WHEREAS, the Notice of Removal does not state that Tydown joins or consents to removal and does not contest that Tydown is a corporate citizen of New York.  Mt. Hawley argues that Tydown's consent is not required and Tydown's citizenship should be disregarded because Tydown is a nominal party.  Specifically, Mt. Hawley argues that "there are no claims against [Tydown] in this action and any potential claims against it are already the subject of the Third-Party Complaint in the" underlying action.

WHEREAS, Mt. Hawley's arguments lack merit.  The instant action arises from an underlying personal injury action filed against several parties, including Richter & Ratner Contracting Corporation (which the Notice of Removal asserts should be named as Plaintiff in place of Richter & Ratner LLC).  The Complaint in the instant action asserts a claim for a declaratory judgment that "Defendants are obligated to defend and indemnify [Richter & Ratner, LLC] for the claims asserted in the underlying personal injury action."  Thus, Tydown's indemnity obligation is at issue in this action and Tydown has a "personal stake in the outcome of the litigation."  *Keane*, 2026 WL 851342, at *2.  The fact that Tydown's indemnification obligation may be resolved by the third-party complaint in the underlying personal injury action does not render Tydown a nominal party in this action.  Mt. Hawley does not establish that there is no "possibility, based on the pleadings, that the plaintiff can state a cause of action against the non-diverse defendant in state court."  *Id.* at *2 (holding that the standards for nominal party status and fraudulent joinder are the same and quoting *Whitaker v. American Telecasting, Inc.*, 261 F.3d 196, 207 (2d Cir. 2001) for the latter).

3

**Remand**

WHEREAS, a district court may act *sua sponte* to remand a case to state court for a procedural defect with the Notice of Removal. *Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131 (2d Cir. 2006). It is hereby

**ORDERED** that this case is remanded to state court.

The Clerk of Court is respectfully directed to close the case and to mail a certified copy of this Order to the Supreme Court of the State of New York, New York County, pursuant to 28 U.S.C. § 1447(c).

Dated: July 1, 2026
      New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

4